WO                    IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA


MIRIAM DAVIS,                          )
                                       )
                        Plaintiff,     )
                                       )
        vs.                            )
                                       )
WHITE MOUNTAIN COMMUNITIES             )
HOSPITAL, INC., d/b/a WHITE MOUNTAIN   )
REGIONAL MEDICAL CENTER, et. al,       )
                                       )          No. 3:15-cv-8080-HRH
                        Defendants.    )          (Prescott Division)
_____)


O R D E R

Plaintiff's First Motion for Attorney's Fees

On November 12, 2015, plaintiff moved[1] to compel answers to Interrogatories Nos.

1 and 5 from plaintiff's first set of interrogatories and responses to plaintiff's first set of

requests for production, Nos. 2 through 5.  Defendant argued that the information that

plaintiff sought was privileged and/or confidential.  The court granted plaintiff's motion

to compel and ordered defendant to answer Interrogatories Nos. 1 and 5 and to produce

the personnel files requested in plaintiff's Requests for Production Nos. 2, 4, and 5.[2]  The

_____

[1]Docket No. 30.

[2]Order re Motion to Compel Responses at 1-3, Docket No. 42.

court also ordered the parties to "enter into an appropriate confidentiality agreement" prior to the production of the personnel files.[3]

Pursuant to Rule 37(a)(5)(A), Federal Rules of Civil Procedure, plaintiff now moves[4] for an award of attorney's fees incurred in bringing the motion to compel.  This motion is opposed.[5]  Oral argument was not requested and is not deemed necessary.

Rule 37(a)(5)(A) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." There are, however, three exceptions to this rule.  The court should not order the payment of reasonable expenses if 1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" 2) "the opposing party's nondisclosure, response, or objection was substantially justified;" or 3) "other circum-stances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Defendant does not dispute that plaintiff made a good faith effort to obtain the discovery in question without court action.  Defendant does, however, argue that an award

---

[3]<u>Id.</u> at 3.

[4]Docket No. 47.

[5]Docket No. 50.

of attorney's fees would not be appropriate here because its position was substantially justified and because plaintiff raised issues in the motion to compel that had previously been briefed by the parties and that were not ruled on by the court.

A party's position is "'substantially justified' under Rule 37 if reasonable people could differ on the matter in dispute." <u>U.S. E.E.O.C. v. Caesars Entertainment, Inc.</u>, 237 F.R.D. 428, 435 (D. Nev. 2006). Defendant argues that its position that the personnel files contained private non-discoverable information involving third parties was substantially justified as evidenced by the fact that the court ordered that the parties agree to a protective order prior to production of the files and that the files could be produced with redactions. Defendant also argues that its position as to Interrogatories Nos. 1 and 5 was substantially justified because reasonable minds could differ on whether the information sought was confidential or privileged.

Defendant's position as to Interrogatories Nos. 1 and 5 was not substantially justified. Defendant contended that the identities of the persons who assisted in the preparation of its EEOC position statement and who made the decision to terminate Lourdes Hummel were privileged and confidential. This contention was meritless. As for the personnel files, defendant's argument ignores the fact that plaintiff, prior to bringing the motion to compel, proposed stipulating to a protective order and/or receiving redacted

-3-

files.  Had defendant also agreed, plaintiff's motion to compel would have been unnecessary or at least more limited in scope.

Defendant also argues that it would be unjust to award fees because plaintiff's motion raised two issues that were not decided by the court.  Plaintiff sought to compel defendant to respond to her Request for Production Nos. 2 and 6.  The court did not address these issues because plaintiff withdrew them in her reply brief.  Plaintiff's withdrawal was based upon actions that occurred after she had filed her motion to compel.  Plaintiff's withdrawal of the two issues was reasonable under the circumstances.

Because none of the three exceptions apply here, plaintiff is entitled to an award of her reasonable attorney's fees incurred in connection with the filing of the motion to compel.  "In the Ninth Circuit, the proper method for determining reasonable attorneys' fees is to use the 'lodestar method.'  First, the trial court calculates attorneys' fees by multiplying the number of hours reasonably spent by counsel by a reasonable hourly rate." Cotton v. City of Eureka, Cal., 889 F. Supp. 2d 1154, 1165 (N.D. Cal. 2012) (internal citations omitted).

> In setting the rate, the district court also should consider the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69–70 (9th Cir. 1975).  The Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations

> imposed by the client or the circumstances; (8) the amount
> involved and the results obtained; (9) the experience, reputa-
> tion, and ability of the attorneys; (10) the "undesirability" of
> the case; (11) the nature and length of the professional relation-
> ship with the client; and (12) awards in similar cases.

Id.

Plaintiff's attorney's hourly rate is $220.00.[6]  This is a reasonable rate given that plaintiff's attorney is a sole practitioner with over ten years of experience and given the nature of this employment discrimination case.

"After deciding the appropriate hourly rate, the district court then examines the fee applicant's contemporaneously recorded billing records and exclude[s] from the lodestar amount hours that are excessive, redundant, or otherwise unnecessary."  Id. (citation omitted).  "Then, in appropriate cases, the district court may adjust the lodestar figure based upon the Kerr factors that were not subsumed into the initial lodestar calculation."  Id.

Plaintiff's attorney avers that he expended 18.2 hours in connection with the motion to compel and the instant motion for fees.[7]  The 6.9 hours plaintiff's counsel expended on researching and drafting a fairly straightforward motion to compel was unreasonable, particularly since counsel had already spent 1.5 hours researching the legal issues

---

[6]Declaration in Support of Motion for Attorney's Fees at 3, ¶ 4, Exhibit E, Plaintiff's Motion for Attorney's Fees, Docket No. 47.

[7]Id. at ¶ 6.

involved.[8]  The court finds that four hours would have been a reasonable amount of time to have spent on researching and drafting the motion to compel.  The 3.4 hours spent drafting the reply to defendant's response to the motion to compel also was unreasonable given the nature of the issues involved.  The court finds that two hours would have been a reasonable amount of time to have spent on the reply.  Thus, the court finds that the number of hours reasonably incurred in connection with the motion to compel was 13.9.

Plaintiff's first motion for an award of attorney's fees[9] is granted.  Plaintiff is awarded fees in the amount of $3,058.00 (13.9 x 220).

DATED at Anchorage, Alaska, this 19th day of April, 2016.

/s/ H. Russel Holland_____
United States District Judge

---

[8]Exhibit F, Plaintiff's Motion for Attorney's Fees, Docket No. 47.

[9]Docket No. 47.