WO                IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MIRIAM DAVIS,       )<br>          )<br>          Plaintiff,   )<br>          )<br>  vs.       )<br>          )<br>WHITE MOUNTAIN COMMUNITIES   )<br>HOSPITAL, INC., d/b/a WHITE MOUNTAIN )<br>REGIONAL MEDICAL CENTER, et. al,   )<br>          )     No. 3:15-cv-8080-HRH<br>        Defendants.   )     (Prescott Division)<br>_____)| |

O R D E R

Plaintiff's Second Motion for Attorney's Fees

On February 12, 2016, plaintiff moved[1] to compel more complete answers to her second set of interrogatories. In her second set of interrogatories, plaintiff sought the identities, dates of employment, employment status, and wage/salary information for all employees who were terminated during a December 2103 reduction in force. She also sought the names, start dates, and wage/salary information for all of the nursing house supervisors who were employed on December 1, 2013. Defendant provided the names of the individuals but claimed the other requested information was confidential and/or not

---

[1]Docket No. 49.

relevant. The court disagreed and granted plaintiff's motion to compel and ordered defendant to fully answer the second set of interrogatories.[2]

Pursuant to Rule 37(a)(5)(A), Federal Rules of Civil Procedure, plaintiff now moves[3] for an award of attorney's fees incurred in bringing the motion to compel. This motion is opposed.[4] Oral argument was not requested and is not deemed necessary.

Rule 37(a)(5)(A) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." There are, however, three exceptions to this rule. The court should not order the payment of reasonable expenses if 1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" 2) "the opposing party's nondisclosure, response, or objection was substantially justified;" or 3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Defendant argues that an award of attorney's fees would not be appropriate here because its position was substantially justified. A party's position is "'substantially

---

[2]Order re Second Motion to Compel at 2, Docket No. 60.

[3]Docket No. 64.

[4]Docket No. 67.

justified' under Rule 37 if reasonable people could differ on the matter in dispute." <u>U.S. E.E.O.C. v. Caesars Entertainment, Inc.</u>, 237 F.R.D. 428, 435 (D. Nev. 2006). Defendant argues that its position was substantially justified because defendant has an ongoing concern about plaintiff's ability to maintain confidentiality[5] and because some of the information that plaintiff was requesting was not relevant to her claims.

Defendant's position was not substantially justified. Any alleged concerns about plaintiff's ability to maintain confidentiality were not raised in defendant's response to the second set of interrogatories nor was this concern raised during the parties' efforts to resolve the discovery dispute. Defendant's failure to fully respond to plaintiff's second set of interrogatories was not justified because of defendant's recently developed concern about plaintiff's ability to maintain confidentiality. As for defendant's position that the information that plaintiff sought was confidential and/or not relevant, as the court stated in its order on the motion to compel, "the resolution provided here was strongly indicated by the court's ruling on an earlier motion to compel interrogatories."[6] In other words, based on the court's ruling on plaintiff' first motion to compel, defendant should have known that its objections to plaintiff's second set of interrogatories were not well taken.

---

[5]This alleged concern is the subject of defendant's pending motion for leave to amend its answer to add a counterclaim.

[6]Order re Second Motion to Compel at 1, Docket No. 60.

Because none of the three exceptions apply here, plaintiff is entitled to an award of her reasonable attorney's fees incurred in connection with her second motion to compel. "In the Ninth Circuit, the proper method for determining reasonable attorneys' fees is to use the 'lodestar method.' First, the trial court calculates attorneys' fees by multiplying the number of hours reasonably spent by counsel by a reasonable hourly rate." Cotton v. City of Eureka, Cal., 889 F. Supp. 2d 1154, 1165 (N.D. Cal. 2012) (internal citations omitted).

> In setting the rate, the district court also should consider the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69–70 (9th Cir. 1975). The Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id.

Plaintiff's attorney's hourly rate is $220.00.[7] This is a reasonable rate given that plaintiff's attorney is a sole practitioner with over ten years of experience and given the nature of this employment discrimination case.

---

[7] Declaration in Support of the Second Motion for Attorney's Fees at 2, ¶ 4, Exhibit A, Plaintiff's Second Motion for Attorney's Fees, Docket No. 64.

"After deciding the appropriate hourly rate, the district court then examines the fee applicant's contemporaneously recorded billing records and exclude[s] from the lodestar amount hours that are excessive, redundant, or otherwise unnecessary." Id. (citation omitted). "Then, in appropriate cases, the district court may adjust the lodestar figure based upon the Kerr factors that were not subsumed into the initial lodestar calculation." Id.

Plaintiff's attorney avers that he expended 10.3 hours in connection with the motion to compel and the instant motion for fees.[8] The court finds that this was a reasonable amount of time to spend in connection with the second motion to compel. Although the 4.3 hours spent on drafting a reply to defendant's opposition to the motion to compel may seem excessive,[9] it was not in this instance given the issues raised by defendant in its opposition.

Plaintiff's second motion for an award of attorney's fees[10] is granted. Plaintiff is awarded fees in the amount of $2,266.00 (10.3 x 220).

DATED at Anchorage, Alaska, this 19th day of April, 2016.

/s/ H. Russel Holland
United States District Judge

---

[8] Id. at ¶ 6.

[9] Exhibit B, Plaintiff's Second Motion for Attorney's Fees, Docket No. 64.

[10] Docket No. 64.