WO                    IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA


MIRIAM DAVIS,                         )
                                      )
                     Plaintiff,       )
                                      )
        vs.                           )
                                      )
WHITE MOUNTAIN COMMUNITIES            )
HOSPITAL, INC., d/b/a WHITE MOUNTAIN  )
REGIONAL MEDICAL CENTER, et. al,      )
                                      )    No. 3:15-cv-8080-HRH
                     Defendants.      )    (Prescott Division)
_____)


O R D E R

Motion for Leave to Amend and Add Counterclaim

Defendant moves to modify the scheduling order so that it may amend its answer to add a counterclaim.[1] This motion is opposed.[2] Oral argument was requested but is not deemed necessary.

On March 20, 2015, plaintiff Miriam Davis commenced this action in which she asserts federal and state religious discrimination claims against defendant White Mountain Regional Medical Center, her former employer.  Plaintiff alleges that she was not

_____

[1]Docket No. 52.

[2]Docket No. 55.

-1-

promoted, given less favorable terms of employment, and ultimately terminated because of her religion.  Defendant answered on May 19, 2015[3] and filed an amended answer[4] on June 2, 2015.

A scheduling and planning order was entered on June 11, 2015.[5]  The scheduling order provided that motions to amend the pleadings were to be filed no later than July 24, 2015.[6]  The scheduling order provided that all discovery in this case was to be completed by April 15, 2016.[7]  That date was subsequently extended to July 29, 2016.[8]

Defendant now moves to modify the scheduling order so that it may amend its answer to add a counterclaim.  Defendant contends that during discovery in this case it learned that plaintiff had breached her confidentiality agreement with defendant and that she breached defendant's confidentiality policies.  Based on this information, defendant seeks to amend its answer to add a counterclaim that asserts breach of contract and breach of fiduciary duty claims against plaintiff.

---

[3]Docket No. 7.

[4]Docket No. 9.

[5]Docket No. 13.

[6]Id. at 6.

[7]Id. at 4.

[8]Docket No. 71.

Rule 16(b)(4), Federal Rules of Civil Procedure, provides that a scheduling and planning order "may be modified only for good cause and with the judge's consent." "Under Rule 16(b), [defendant] must show good cause for not having amended [its] complaint[] before the time specified in the scheduling order expired." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "'Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.'" In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification[.] If that party was not diligent, the inquiry should end.'" Id. (quoting Johnson, 975 F.2d at 609).

Defendant argues that it can show good cause to modify the scheduling order because it only recently learned that plaintiff breached her confidentiality agreement and defendant's confidentiality policies. Plaintiff's confidentiality agreement with defendant provided that patient medical records were confidential and that employees could not "disclose directly or indirectly any secret or confidential information[.]"[9] Defendant's

---

[9]White Mountain Regional Medical Center Confidentiality Agreement, Exhibit 2,
(continued...)

employee handbook provided that "employees may not send confidential patient or employee information over the Internet."[10] Defendant contends that it recently learned that plaintiff had forwarded twelve emails from her work account to her personal Gmail account, two of which included confidential patient information.[11] Defendant contends that it promptly brought the instant motion, which was filed on February 23, 2016, after it learned of these breaches by plaintiff.  Although in its opening brief defendant did not indicate when it learned of the alleged breaches, in its reply brief, it contends that it first learned of plaintiff's alleged breaches on November 24, 2015.

"Courts have held that waiting two months after discovering new facts to bring a motion to amend does not constitute diligence under Rule 16." Sako v. Wells Fargo Bank Nat'l Assoc., Case No. 14cv1034–GPC(JMA), 2015 WL 5022326, at *2 (S.D. Cal. Aug. 24, 2015).  If, as defendant contends, it discovered plaintiff's alleged breaches on November 24, 2015, defendant then waited three months to move to modify the scheduling order so that it could amend its answer to add a counterclaim.  If waiting two months does not

---

[9](...continued)
Defendant WMRMC's Motion for Leave to Amend Answer and Add Counterclaim, Docket No. 52.

[10]Employee Handbook and Code of Conduct at 19, Exhibit 3, Defendant WMRMC's Motion for Leave to Amend Answer and Add Counterclaim, Docket No. 52.

[11]Exhibit 9, Defendant WMRMC's Motion for Leave to Amend Answer and Add Counterclaim, Docket No. 52.

constitute diligence under Rule 16, then neither does waiting three months. Moreover, defendant was on notice that plaintiff had forwarded emails from her work account to her personal account in June 2015, when plaintiff served her initial disclosure statement upon defendant, attached to which were two of the emails that defendant contends it only recently discovered.[12]  Defendant could have brought the instant motion long before the end of February 2016. Defendant has not been diligent in seeking to modify the scheduling order.

Because defendant has not been diligent in seeking to modify the scheduling and planning order, it cannot show good cause. Thus, defendant's motion[13] to modify the scheduling order so it may amend its answer to file a counterclaim is denied.

DATED at Anchorage, Alaska, this 20th day of April, 2016.

/s/ H. Russel Holland
United States District Judge

---

[12]Exhibit 1, Plaintiff's Response to Defendant's Motion for Leave to Amend Answer to Add Counterclaim, Docket No. 55.

[13]Docket No. 52.